Matter of Cucs Hous. Dev. Corp. IV v Aymes (2025 NY Slip Op 03275)

Matter of Cucs Hous. Dev. Corp. IV v Aymes

2025 NY Slip Op 03275

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 159303/18|Appeal No. 4503|Case No. 2024-00620|

[*1]In the Matter of Cucs Housing Development Corporation IV, et al., Petitioners-Respondents,
v
Clifford S. Aymes, Respondent-Appellant.

Clifford S. Aymes, appellant pro se.
Falcon Rappaport & Berkman, LLP, New York (Christopher M. Slowik of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about January 2, 2024, which, insofar as appealed from, after a hearing and other proceedings pursuant to CPLR 409, dismissed respondent's counterclaims with prejudice, unanimously affirmed, with costs.
Contrary to respondent's contentions, the court did not make any procedural errors in connection with the further proceedings following this Court's remand order (Matter of CUCS HDFC v Aymes, 209 AD3d 428 [1st Dept 2022]). Following a hearing and briefing on respondent's counterclaims alleging zoning violations by petitioners in the construction of their now completed building adjoining his property, the court correctly granted dismissal of the counterclaims with prejudice. As respondent did not show entitlement to any injunctive relief, admitted that he had not suffered any actual injury from the alleged zoning violations, and failed to allege or show that the purported violations could cause him injury in the future, he failed to state a claim upon which relief could be granted (see CPLR 3211[a][7]). In addition, the posthearing record shows that respondent did not meet his burden of showing that petitioner violated zoning law provisions, where the sole evidentiary support for the alleged violations came from respondent's own lay reading of petitioner's construction drawings that were approved by the City agencies and other related documents in the public record, which was refuted by petitioners' evidence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025